UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SELIM ZHERKA and RICHARD BLASSBERG,

                                    Plaintiffs,

-against-

MICHAEL J. MARTINO, individually,
LUIGI MARCOCCIA, individually,
TONY E. SAYEGH, Jr., individually,
STEVEN A. ECKLOND, individually,
JOHN FITZPATRICK, individually,
SUSAN CIAMARRA, individually,
ROBERT MASCIANICA, individually,
JOHN D. CAVALLARO, individually,
and the VILLAGE OF TUCKAHOE,
New York,

                                      Defendants.

------------------------------------------------------------x

07 Civ. ( )

**ORIGINAL**

'07 CIV 11251

COMPLAINT

**Jury Trial Demanded**

      Plaintiffs SELIM ZHERKA and RICHARD BLASSBERG, by their attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

      1. This is an action for compensatory and punitive damages, as well as declaratory and injunctive relief, proximately resulting from the Defendants' adoption, interpretation, and enforcement of a local code provision governing "Newsracks" in violation of Plaintiffs' rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiff SELIM ZHERKA is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. He is also the owner and publisher of "The Westchester Guardian", a free weekly newspaper disseminated by *inter alia* use of so-called newsracks. That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Plaintiff RICHARD BLASSBERG is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. He is also the Editor-in-Chief of The Westchester Guardian.

5. Defendant MICHAEL J. MARTINO (hereinafter "Martino"), who is sued in his individual and personal capacities only, is the duly elected Mayor of the Village of Tuckahoe and held that position as of November 6, 2006.

6. Defendant LUIGI MARCOCCIA (hereinafter "Marcoccia"), who is sued in his individual and personal capacities only, is a duly elected member of the Board of Trustees of the Defendant Village and held that position as of November 6, 2006.

7. Defendant TONY E. SAYEGH, Jr. (hereinafter "Sayegh"), who is sued in his individual and personal capacities only, is a duly elected member of the Board of Trustees of the Defendant Village and held that position as of November 6, 2006.

8. Defendant STEVEN A. ECKLOND (hereinafter "Ecklond"), who is sued in his individual and personal capacities only, is a duly elected member of the Board of Trustees of the Defendant Village and held that position as of November 6, 2006.

9. Defendant JOHN FITZPATRICK (hereinafter "Fitzpatrick"), who is sued in his individual and personal capacities only, is a duly elected member of the Board of Trustees of the Defendant Village and held that position as of November 6, 2006.

10. Defendant SUSAN CIAMARRA (hereinafter "Ciamarra"), who is sued in her individual and personal capacities only, is the Clerk of the Defendant Village and held that position as of November 6, 2006.

11. Defendant ROBERT MASCIANICA (hereinafter "Mascianica"), who is sued in his individual and personal capacities only, is the Superintendent of Public Works of the Defendant Village and held that position as of November 6, 2006.

12. Defendant JOHN D. CAVALLARO (hereinafter "Cavallaro"), who is sued in his individual and personal capacities only, is the Village Attorney for the Defendant Village and held that position as of November 6, 2006.

13. Defendant VILLAGE OF TUCKAHOE (hereinafter "Village") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

14. By Local Law 5-1993, the Village enacted a code provision concerning "newsracks in the public rights-of-way", the issuance of permits for newsracks, and *inter alia* violations and fees with respect to them.

15. In pertinent respect that Local Law states:

**"§19-101 Intent and purpose.**

The Board of Trustees of the Village of Tuckahoe finds and declares that:

(a) The uncontrolled placement of newsracks in public rights-of-way presents an inconvenience and danger to the safety and welfare of persons using such rights-of-way, including pedestrians, persons entering and leaving vehicles and buildings and persons performing essential utility, traffic control and emergency services.

(b) Newsracks so located as to cause an inconvenience or danger to persons, including without limitation children using public rights-of-way, and unsightly newsracks located therein, constitute public nuisances.

(c) It is a matter of public necessity that the Village of Tuckahoe protect children and unconsenting adults in and on its public streets, sidewalks, transportation facilities and other public rights-of-way from viewing such public displays of offensive sexual material. Such displays are thrust indiscriminately upon unwilling audiences of adults and children and constitute assaults upon individual privacy.

(d) The provision and prohibitions hereinafter contained and enacted are in pursuance of and for the purpose of securing and

promotion the public health, morals and general welfare of persons in the Village of Tuckahoe and their use of public rights-of-way.

**§19-102. Definitions.**

For purposes of this Article the following definitions shall apply:

*Distributor* shall mean the person, entity or agent or representative thereof responsible for placing and maintaining a newsrack in a public right-of-way, including, without limitation, parkways and sidewalks.

*Newrack* means any self-service or coin-operated box, container, storage unit or other dispenser installed, used or maintained for the display and distribution or sale of newspapers or other news or informational periodical.

\*      \*      \*

*Pictorial material* means any material conveying or graphically showing a visual image, and includes but is not limited to a photograph, painting or drawing.

*Obscene* means any pictorial material which:

> (1) The average person, applying contemporary community standards, would find appeals to the prurient interest when the publication or material is considered as a whole:

> (2) Depicts, describes or represents in a patently offensive manner, sexual behavior defined in this §19-102; and
>
> (3) Lacks serious literary, artistic, political or scientific value when the publication or material is considered as a whole.

*Sexual Behavior* means the patently offensive representation, depiction or description of any of the following:

> (1) Ultimate sexual acts, normal or perverted, actual or simulated, including without limitation vaginal intercourse between a male and a female, and anal intercourse, fellatio and cunnilingus between persons, regardless of sex.
>
> (2) Masturbation, excretory functions and lewd exhibition of the genitals.
>
> (3) The actual or simulated infliction of pain by one (1) person upon another, or by a person upon himself, for the purpose of the sexual gratification or release of either person, as a result of flagellation, beating, striking, or touching of an erogenous zone, including without limitation the thigh, genitals, buttock, pubic region or, if such person is a female, a breast.

> (4) Ultimate sexual acts, actual or simulated, between a human being(s) and an animal(s) or between two (2) or more animals.

**§19-103. Permit required.**

> It shall be unlawful for any person, firm, corporation or entity to erect, place, maintain or operate on any parkway or sidewalk or in any other public way or place in the Village of Tuckahoe any newsrack without first having obtained a permit from the Village Clerk specifying the exact location of such newsrack(s). One (1) permit may be issued to include any number of newsracks.

\*             \*             \*

**§19-105. Condition for permit.**

> (a) As an express condition of the acceptance of such permit, the permittee thereby agrees to and does indemnify and save harmless the Village of Tuckahoe, its officers and employees against any loss or liability or cost or damage, including expenses and costs for bodily or personal injury, and for property damage sustained by any person as the result of the installation, use or maintenance of any newsrack within the Village of Tuckahoe.

7

(b) The permit fee (the 'permit fee') as set forth in the most recent resolution passed by the Board of Trustees of the Village of Tuckahoe is required to be paid by the applicant prior to the issuance of the permit to said applicant.

(c) Such permits shall be valid for one (1) year and shall be renewable pursuant to the procedure for original applications referred to in §19-104 on payment of the permit fee.

   *   *   *

**§19-107. Violations; fees.**

Upon determination of the Village Clerk that a newrack has been installed, used or maintained in violation of the provision of this Article, an order to correct the offending conditions will be issued to the distributor of the newsrack . . .Failure to properly correct the offending condition . . .shall result in the offending newsrack being summarily removed and processed as unclaimed property. An impound fee, which shall be measured by the village's costs and expense of impounding, shall be assessed against each newsrack summarily removed. The Village Clerk shall cause inspection to be made of the corrected conditions or of a newsrack reinstalled after removal under

this section. The distributor of said newsrack shall be charged an inspection fee of twenty dollars ($20.) for each newsrack so inspected. This charge shall be in addition to all fees and charges required under this Article."

16. On or about August 1, 2006, Plaintiffs installed and/or caused to be installed on public property within the Village a number of newsracks containing, for free distribution, multiple copies of the then most recent edition of The Westchester Guardian. Those newsracks, and the newspapers contained within them, were then confiscated by Defendants and/or persons acting under Defendants' direction and/or control.

17. Shortly thereafter Plaintiff again installed and/or caused to be installed on public property within the Village an additional number of newsracks containing, for free distribution, multiple copies of the then most recent edition of The Westchester Guardian. Those newsracks, and the newspapers contained within them, in turn were also confiscated by Defendants and/or persons acting under Defendants' direction and/or control.

18. Within a matter of weeks Plaintiff once again installed and/or caused to be installed on public property within the Village more newsracks containing, for free distribution, multiple copies of the then most recent edition of The Westchester Guardian. Those newsracks, and the newspapers contained within them, were then confiscated by the Defendants.

19. Following a final installation of The Westchester Guardian newsracks on public property within the Village, and the confiscation of them along with the

newspapers contained in them, each of the Defendants advised Plaintiffs in a jointly agreed upon e-mail addressed to Plaintiff Blassberg:

> "It has come to [our] attention that your firm has installed dispensing boxes for your paper in a few locations within the Village of Tuckahoe. Please note that the Tuckahoe Village Ordinance prohibits these type of dispensers.
>
> Kindly have these dispensing machines removed from the Village on or before this Friday, November 10, 2006."

20. By reason of the Defendants' official interpretation of their relevant code provision, as well as the language of that code provision as referenced *supra* in paragraph "15", Plaintiffs unwillingly ceased placing newsracks and/or distributing The Westchester Guardian within the Village.

21. As a result of Defendants' collective conduct Plaintiffs were: forced to suffer: repeated violations of their rights as guaranteed by the First Amendment to the United States Constitution; chilled in the prospective exercise of their rights as guaranteed by the First Amendment; caused to suffer repeated violations of their rights to Equal Protection as guaranteed them by the Fourteenth Amendment to the United States Constitution; rendered anxious; caused emotional distress; made to suffer public humiliation; made to endure public embarrassment; and were otherwise made sick and sore.

## AS AND FOR A FIRST CLAIM

22. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

23. Defendants' code provisions pertaining to newsracks, as officially interpreted by the Defendants so as to completely ban the placement of newsracks within the Village, violate Plaintiffs' rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

24. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

25. The permit requirement and the annual permit renewal requirement, as contained in Defendants' newsrack ordinance, constitute a prior restraint violative of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

26. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

27. Defendants' newsrack code criteria concerning public "welfare", the protection of "children and unconsenting adults. . .from viewing. . .public displays of offensive sexual material", "public health, morals and general welfare", "obscene[ity]",

and "sexual behavior" are not content neutral and facially violate Plaintiffs' rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A FOURTH CLAIM

28. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

29. Since the Defendants' newsrack code provisions vest the Village Clerk with unbridled power to discriminate based on the content or viewpoint of Plaintiffs' First Amendment protected speech, those code provisions facially violate Plaintiffs' rights as so guaranteed, 42 U.S.C. §1983.

### AS AND FOR A FIFTH CLAIM

30. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

31. Defendants' code requirement that imposes on a permit applicant an obligation to indemnify and save harmless the Village of Tuckahoe, its officers and employees against any loss or liability or cost or damage, including expenses and costs for bodily or personal injury, and for property damage sustained by any person as a result of the installation, use or maintenance of any newsrack within the Village of Tuckahoe, facially violates Plaintiffs' rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SIXTH CLAIM

32. Repeats and realleges as if fully set forth the allegations of fact contained in paragraph "21".

33. The indemnification and save harmless provisions of Defendants' code provision governing newsracks denies Plaintiffs Equal Protection since no similar obligation is imposed upon other users of the public rights of way in the Village for: wheelchairs, baby carriages, bicycles, shopping carts, motorcycles, tricycles, wheelbarrows, automobiles, and *inter alia* commercial vehicles.

## AS AND FOR A SEVENTH CLAIM

34. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

35. Since the "violations" provision of Defendants' newsrack code provision vests the Village Clerk with unbridled power to decide, without benefit of any standards and/or intelligible standards, that a newsrack has been installed, used or maintained in violation of the code, it is facially violative of Plaintiffs' rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR AN EIGHTH CLAIM

36. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

37. Under the premises Defendants' twenty dollar "fee" for inspecting newsracks, its fee for issuance of newsrack permits, and its impound fees constitute profit-making

ventures that, given Plaintiffs' First Amendment protected activities as a newspaper publisher and/or editor, facially violates Plaintiff's rights, 42 U.S.C. §1983.

### AS AND FOR A NINTH CLAIM

38. Repeat and reallege as if fully set forth the allegations of fact contained in paragraph "21".

39. Under the premises Defendants' conduct chilled Plaintiffs' exercise of their rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

a. Awarding on behalf of Plaintiff Zherka and against each individually named Defendant $2,000,000 in punitive damages or such additional sum as the jury may impose,

b. Awarding on behalf of Plaintiff Blassberg and against each individually named Defendant $1,000,000 in punitive damages or such additional sum as the jury may impose,

c. Awarding on behalf of Plaintiff Zherka and against all Defendants compensatory damages in the amount of $20,000,000, or such additional sum as the jury may determine,

d. Awarding on behalf of Plaintiff Blassberg and against all Defendants compensatory damages in the amount of $10,000,000, or such additional sum as the jury may determine,

e. Permanently enjoining Defendants from barring absolutely the placement of newracks on public property within the Village,

f. Permanently enjoining Defendants from enforcing and/or applying the provisions of its code to the extent it purports to govern newsracks,

g. Awarding reasonable attorneys fees and costs, and,

h. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      December 7, 2007

LOVETT & GOULD, LLP
By:_____
    Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401