UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SELIM ZHERKA and RICHARD BLASSBERG,

                           Plaintiffs,

-against-                            **ANSWER**

MICHAEL J. MARTINO, individually, LUIGI MARCOCCIA, individually, TONY E. SAYEGH, JR., individually, STEVEN A. ECLOND, individually, JOHN FITZPATRICK, individually, SUSAN CIAMARRA, individually, ROBERT MASCIANICA, individually, JOHN D. CAVALLARO, individually, and THE VILLAGE OF TUCKAHOE, New York,

                           Defendants.
----------------------------------------------------------------x

Docket No.
07 Civ. 11251 (CLB)

     Defendants, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP, as and for their answer to the complaint in the above-captioned matter, sets forth as follows:

    1.    Deny the allegations contained in ¶ "1" of the complaint, and refer all questions of law to the Court for adjudication.

    2.    Deny the allegations contained in ¶ "2" of the complaint, and refer all questions of law to the Court for adjudication.

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "3" of the complaint.

    4.    Deny the allegations contained in ¶ "4" of the complaint.

    5.    Admit the allegations contained in ¶ "5" of the complaint.

    6.    Admit the allegations contained in ¶ "6" of the complaint.

7. Admit the allegations contained in ¶ "7" of the complaint.

8. Admit the allegations contained in ¶ "8" of the complaint.

9. Admit the allegations contained in ¶ "9" of the complaint.

10. Admit the allegations contained in ¶ "10" of the complaint.

11. Admit the allegations contained in ¶ "11" of the complaint.

12. Admit the allegations contained in ¶ "12" of the complaint.

13. Admit the allegations contained in ¶ "13" of the complaint.

14. Deny the allegations contained in ¶ "14" of the complaint, and refer all questions of law to the Court for adjudication.

15. Deny the allegations contained in ¶ "15" of the complaint, and refer all questions of law to the Court for adjudication.

16. Deny the allegations contained in ¶ "16" of the complaint.

17. Deny the allegations contained in ¶ "17" of the complaint.

18. Deny the allegations contained in ¶ "18" of the complaint.

19. Deny the allegations contained in ¶ "19" of the complaint.

20. Deny the allegations contained in ¶ "20" of the complaint.

21. Deny the allegations contained in ¶ "21" of the complaint, and refer all questions of law to the Court for adjudication.

## **FIRST CLAIM**

22. As and for a response to the allegations contained in ¶ "22" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "21" of the complaint, as though they were fully set forth herein.

23. Deny the allegations contained in ¶ "23" of the complaint, and refer all questions of law to the Court for adjudication.

## SECOND CLAIM

24. As and for a response to the allegations contained in ¶ "24" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "21" of the complaint, as though they were fully set forth herein.

25. Deny the allegations contained in ¶ "25" of the complaint, and refer all questions of law to the Court for adjudication.

## THIRD CLAIM

26. As and for a response to the allegations contained in ¶ "26" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "21" of the complaint, as though they were fully set forth herein.

27. Deny the allegations contained in ¶ "27" of the complaint, and refer all questions of law to the Court for adjudication.

## FOURTH CLAIM

28. As and for a response to the allegations contained in ¶ "28" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "21" of the complaint, as though they were fully set forth herein.

29. Deny the allegations contained in ¶ "29" of the complaint, and refer all questions of law to the Court for adjudication.

## FIFTH CLAIM

30. As and for a response to the allegations contained in ¶ "30" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "21" of the complaint, as though they were fully set forth herein.

31. Deny the allegations contained in ¶ "31" of the complaint, and refer all questions of law to the Court for adjudication.

## SIXTH CLAIM

32. As and for a response to the allegations contained in ¶ "32" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "21" of the complaint, as though they were fully set forth herein.

33. Deny the allegations contained in ¶ "33" of the complaint, and refer all questions of law to the Court for adjudication.

## SEVENTH CLAIM

34. As and for a response to the allegations contained in ¶ "34" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "21" of the complaint, as though they were fully set forth herein.

35. Deny the allegations contained in ¶ "35" of the complaint, and refer all questions of law to the Court for adjudication.

## EIGHTH CLAIM

36. As and for a response to the allegations contained in ¶ "36" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "21" of the complaint, as though they were fully set forth herein.

37. Deny the allegations contained in ¶ "37" of the complaint, and refer all questions of law to the Court for adjudication.

## NINTH CLAIM

38. As and for a response to the allegations contained in ¶ "38" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "21" of the complaint, as though they were fully set forth herein.

39. Deny the allegations contained in ¶ "39" of the complaint, and refer all questions of law to the Court for adjudication.

## FIRST AFFIRMATIVE DEFENSE

40. Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

41. Plaintiff's complaint is barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

42. The individual defendant is protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

43. Plaintiff lacks standing.

## FIFTH AFFIRMATIVE DEFENSE

44. This case, in whole or in part, is not ripe.

## SIXTH AFFIRMATIVE DEFENSE

45. This case, in whole or in part, does not present a case or controversy.

## SEVENTH AFFIRMATIVE DEFENSE

46. The challenged legislation represents a reasonable time, place, and manner regulation.

## EIGHTH AFFIRMATIVE DEFENSE

47. Plaintiff cannot identify any similarly situated persons or entities that are treated more favorably under the challenged legislation.

## NINTH AFFIRMATIVE DEFENSE

48. The fees charged under the subject legislation are related to the costs of administering the law.

## TENTH AFFIRMATIVE DEFENSE

49. Plaintiff's constitutional rights were not deprived pursuant to a policy, practice, custom, or procedure of the Village of Tuckahoe.

## ELEVENTH AFFIRMATIVE DEFENSE

50. The Village Board defendants are protected by legislative immunity.

## TWELFTH AFFIRMATIVE DEFENSE

51. This action, in whole or in part, is moot.

Dated: Mineola, New York
February 6, 2008

                                                MIRANDA SOKOLOFF SAMBURSKY
                                                SLONE VERVENIOTIS, LLP
                                                Attorneys for Defendants

                                                By: _____
                                                     BRIAN S. SOKOLOFF (bss-7147)
                                                240 Mineola Boulevard
                                                The Esposito Building
                                                Mineola, New York 11501
                                                (516) 741-7676
                                                Our File No. 07-344

TO: LOVETT & GOULD, LLP
      222 Bloomingdale Road
      White Plains, New York 10605

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK )
) s.s.:
COUNTY OF NASSAU )

**MERLISA ANDREWS,** being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Jamaica, New York.

That on February 7, 2008, deponent served the within **ANSWER** upon:

> LOVETT & GOULD, LLP
> Attorneys for Plaintiff
> 222 Bloomingdale Road
> White Plains, New York 10605

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
**MERLISA ANDREWS**

Sworn to before me this 7th day
Of February, 2008.

_____
NOTARY PUBLIC

BRIAN S. SOKOLOFF
Notary Public, State of New York
No. 02SO4914710
Qualified in Queens County
Commission Expires November 23, 2009