UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SELIM ZHERKA and RICHARD
BLASSBERG,

                      Plaintiffs,         07 Civ. 11251 (CLB)

      -against-                **AFFIRMATION OF**
                                 **JONATHAN LOVETT**
                                 **IN SUPPORT**
                                 **OF MOTION FOR PARTIAL**
                                 **SUMMARY JUDGMENT**

MICHAEL J. MARTINO, individually,
*et. al,*

                      Defendants.
----------------------------------------------------------x

      Plaintiff JONATHAN LOVETT, an attorney duly admitted to this Court hereby affirms under penalty of perjury that the following statement is true:

      1. I am counsel to Plaintiffs and submit this affirmation in support of their motion for partial summary judgment as to liability.

      2. Annexed hereto as Exhibit 1 are responses to plaintiffs first set of interrogatories and document production request as provided by defense counsel.

      3. Annexed as Exhibit 2 (originally contained in the said responses to interrogatories and document production request), is a copy of the e-mail referenced in Plaintiff's 56.1 Statement.

      4. Annexed as Exhibit 3 is a copy of the Defendant Town's newsrack legislation as provided to your affirmant by the Clerk of the Village of Tuckahoe.

WHEREFORE an order should be entered granted, with respect to liability and against the Defendants, summary judgment.

Dated: White Plains, N.Y.
      March 31, 2008

                                          Jonathan Lovett (4854)

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THE GUARDIAN NEWS, INC.,

                      Plaintiff,

-against-

VILLAGE OF TUCKAHOE, New York,

                      Defendant.
-----------------------------------------------------------------x

Docket No.
07 Civ. 2862 (CLB)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT PRODUCTION REQUEST**

RECEIVED AUG 1 3 2007 By_____

Defendant, by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, responding to Plaintiff's First Set of Interrogatories and Document Production Request, dated June 5, 2007, sets forth the following:

**INTERROGATORIES**

1. Identify all legislation adopted and/or enacted by Defendant pursuant to which newsracks may be placed upon property owned by the Village of Tuckahoe.

**RESPONSE:** Defendant objects to the instant demand on the grounds that it is vague, ambiguous, and to the extent it seeks a legal conclusion.

2. Identify all legislation adopted and/or enacted by Defendant pursuant to which newsracks may not be placed upon property owned by the Village of Tuckahoe.

**RESPONSE:** Defendant objects to the instant demand on the grounds that it is vague, ambiguous, and to the extent it seeks a legal conclusion.

3. Identify each official and/or employee of Defendant who is authorized to issue a, and/or any, permit(s) for the placement of newsracks upon property owned by the Village of Tuckahoe.

1

**RESPONSE:**     Defendant objects to the instant demand on the grounds that it is vague and ambiguous.

4.  Identify the owner of each newsrack that, within the past twenty-four months, has been placed upon property owned by the Village of Tuckahoe.

**RESPONSE:**     Defendant is unaware of anyone other than plaintiff placing such an item on Village property within the applicable period.

5.  Identify the owner of each newsrack that, within the past twenty-four months, has been removed by the Defendant Village and/or by any of its officials/employees from property owned by the Village of Tuckahoe.

**RESPONSE:**     Plaintiff.

6.  Identify each document that, within the past twenty four months, has been sent by the Village and/or any of its officials/employees to a publisher and/or distributor of a newspaper regarding in words or substance the placement of newsracks upon property owned by the Village of Tuckahoe.

**RESPONSE:**     *See* Exh. A.

7.  Identify each document in the possession, custody and/or control of the Defendant that in words or substance indicates the imposition by the Village upon any publisher or distributor of a newspaper of:

   a. A fine,

   b. A fee.

**RESPONSE:**     Defendants object to the instant demand on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible, relevant evidence. Notwithstanding, and subject to said objections, Defendant is

2

unaware of any responsive documents as pertaining to newsracks.

8. Identify each permit issued by the Village and/or any of its officials/employees within the past five years for the placement of a and/or any newsrack upon property owned by the Village of Larchmont.

**RESPONSE:** Defendant is unaware of any applications for the placement of newsracks on Village of Larchmont property within the applicable period.

9. Identify the owner of each newsrack that, within the past two years, has been removed by the Village and/or any official and/or employee of the Village from public property owned by the Village of Tuckahoe.

**RESPONSE:** Plaintiff.

10. Identify each person who, within the past two years, has on behalf of the Village removed any newsrack from property owned by the Defendant.

**RESPONSE:** A member of the Village's Public Works department removed the plaintiff's newsrack in connection with the December 2006 Crestwood Holidayfest.

11. Identify each person who provided information used in responding to the foregoing interrogatories "1" to "10", inclusive.

**RESPONSE:** Steven Ecklond, Village Trustee.

## DOCUMENT DEMANDS

Pursuant to FRCP 34, as modified by the Local Rules of this Court, Defendant is required to produce for inspection and copying at the offices of the undersigned the following documents: Each document identified in response to the foregoing interrogatories "1" through "8," inclusive.

**RESPONSE:** *See* Exhibit A.

3

**PLEASE TAKE NOTICE** that the defendant reserves the right to supplement and/or amend these responses up until time of trial.

Dated: Mineola, New York
      August 9, 2007

                              MIRANDA SOKOLOFF SAMBURSKY
                              SLONE VERVENIOTIS LLP
                              Attorneys for Defendant

                              By: _____
                              BRIAN S. SOKOLOFF (BSS-7147)
                              ADAM I. KLEINBERG (AIK-0468)
                              240 Mineola Boulevard
                              The Esposito Building
                              Mineola, New York 11501
                              (516) 741-7676
                              Our File No. 07-344

TO:    Jonathan Lovett, Esq.
        LOVETT & GOULD, LLP
        Attorneys for Plaintiff
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401

**EXHIBIT 2**

# John D. Cavallaro

**From:** Ecklond@aol.com
**Sent:** Monday, November 06, 2006 8:04 AM
**To:** editor@westchesterguardian.com
**Cc:** mayormike@tuckahoe.com; Fitziand@aol.com; tony4ny@yahoo.com; louie2pp1@optonline.net; sciamarra@tuckahoe-ny.com; cavallarolaw@hotmail.com; robert.mascianica@verizon.net
**Subject:** Westchester Guardian Paper Dispensers

Dear Mr. Blassberg,

It has come to my attention that your firm has installed dispensing boxes for your paper in a few locations within the Village of Tuckahoe. Please note that the Tuckahoe Village Ordinance prohibits these type of dispensers.

Kindly have these dispensing machines removed from the Village on or before this Friday, November 10, 2006.

Thank you for your cooperation.

Steven A. Ecklond



Steven A. Ecklond, Trustee
Village of Tuckahoe
65 Main Street
Tuckahoe, NY 10707
(914) 961-3100

1

**EXHIBIT 3**



**Mayor**
MICHAEL J. MARTINO

**Trustees**
LUIGI V. MARCOCCIA
TONY E. SAYEGH, JR.
STEVEN A. ECKLOND
JOHN FITZPATRICK

**Treasurer**
SERGIO SENSI

**Village Clerk/Receiver of Taxes**
SUSAN CIAMARRA

**Assessor**
RICHARD O'DONNELL

**Supt. of Public Works**
ROBERT MASCIANICA

**Building Inspector/Facilities Manager**
BILL WILLIAMS

**Village Attorney**
JOHN D. CAVALLARO

65 Main Street, Tuckahoe, N.Y. 10707
(914) 961-3100
FAX (914) 961-3114

March 28, 2007

Mr. Jonathan Lovett
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, NY 10605

Dear Mr. Lovett:

In response to your FOIL request, enclosed is the information you requested; four copies at 25 cents per copy. Kindly submit $1.00 to the Village of Tuckahoe in the self-addressed envelope.

Very truly yours,

Susan Ciamarra,
Village Clerk

§ 19-101. Intent and purpose.

§ 19-101  The Board of Trustees of the Village of Tuckahoe finds and declares that:  § 19-102

(a) The uncontrolled placement of newsracks in public rights-of-way presents an inconvenience and danger to the safety and welfare of persons using such rights-of-way, including pedestrians, persons entering and leaving vehicles and buildings and persons performing essential utility, traffic control and emergency services.

(b) Newsracks so located as to cause an inconvenience or danger to persons, including without limitation children using public rights-of-way, and unsightly newsracks located therein, constitute public nuisances.

(c) It is a matter of public necessity that the Village of Tuckahoe protect children and unconsenting adults in and on its public streets, sidewalks, transportation facilities and other public rights-of-way from viewing such public displays of offensive sexual material. Such displays are thrust indiscriminately upon unwilling audiences of adults and children and constitute assaults upon individual privacy.

(d) The provisions and prohibitions hereinafter contained and enacted are in pursuance of and for the purpose of securing and promoting the public health, morals and general welfare of persons in the Village of Tuckahoe in their use of public rights-of-way. (L.L. No. 5-1993, § 1)

§ 19-102. Definitions.

For the purposes of this Article, the following definitions shall apply:

*Distributor* shall mean the person, entity or agent or representative thereof responsible for placing and maintaining a newsrack in a public right-of-way, including, without limitation, parkways and sidewalks.

*Newsrack* means any self-service or coin-operated box, container, storage unit or other dispenser installed, used or maintained for the display and distribution or sale of newspapers or other news or informational periodicals.

*Parkway* means that area between the sidewalks and the curb of any roadway, and where there is no sidewalk, that area between the edge of the roadway and property line adjacent thereto. "Parkway" shall also include any area within a roadway that is not open to vehicular traffic, and including, without limitation, waiting areas and parking areas.

*Permit Fee* has the meaning ascribed to it in § 19-105.

*Roadway* means that portion of a street improved, designed or ordinarily used for vehicular traffic.

*Sidewalk* means all that area dedicated to public use for pedestrian traffic and shall include, but not be limited to, roadways, parkways and alleys.

*Pictorial material* means any material conveying or graphically showing a visual image, and includes but is not limited to a photograph, painting or drawing.

*Obscene* means any pictorial material which:

§ 19-102                         STREETS AND SIDEWALKS                         § 19-105

 (1) The average person, applying contemporary community standards, would find appeals to the prurient interest when the publication or material is considered as a whole;

 (2) Depicts, describes or represents in a patently offensive manner, sexual behavior as defined in this § 19-102; and

 (3) Lacks serious literary, artistic, political or scientific value when the publication or material is considered as a whole.

*Sexual Behavior* means the patently offensive representation, depiction or description of any of the following:

 (1) Ultimate sexual acts, normal or perverted, actual or simulated, including without, limitation vaginal intercourse between a male and a female, and anal intercourse, fellatio and cunnilingus between persons, regardless of sex.

 (2) Masturbation, excretory functions and lewd exhibition of the genitals.

 (3) The actual or simulated infliction of pain by one (1) person upon another, or by a person upon himself, for the purpose of the sexual gratification or release of either person, as a result of flagellation, beating, striking or touching of an erogenous zone, including without limitation the thigh, genitals, buttock, pubic region or, if such person is a female, a breast.

 (4) Ultimate sexual acts, actual or simulated, between a human being(s) and an animal(s) or between two (2) or more animals. (L.L. No. 5-1993, § 1)

### § 19-103. Permit required.

It shall be unlawful for any person, firm, corporation or entity to erect, place, maintain or operate on any parkway or sidewalk or in any other public way or place in the Village of Tuckahoe any newsrack without first having obtained a permit from the Village Clerk specifying the exact location of such newsrack(s). One (1) permit may be issued to include any number of newsracks. (L.L. No. 5-1993, § 1)

### § 19-104. Application for permit.

Application for such permit shall be made, in writing, to the Village Clerk upon such form as shall be provided by him or her and shall contain the name, address and telephone number of the applicant and the proposed specific location(s) of said newsrack(s) and shall be signed by the applicant. (L.L. No. 5-1993, § 1)

### § 19-105. Condition for permit.

 (a) As an express condition of the acceptance of such permit, the permittee thereby agrees to and does indemnify and save harmless the Village of Tuckahoe, its officers and employees against any loss or liability or cost or damage, including expenses and costs for bodily or personal injury, and for property damage sustained by any

person as the result of the installation, use or maintenance of any newsrack within the Village of Tuckahoe.

(b) A permit fee (the "permit fee") as set forth in the most recent resolution passed by the Board of Trustees of the Village of Tuckahoe is required to be paid by the applicant prior to the issuance of the permit to said applicant.

(c) Such permits shall be valid for one (1) year and shall be renewable pursuant to the procedure for original applications referred to in § 19-104 on payment of the permit fee.

(d) Stickers showing the permit number shall be issued with the permit and must be displayed at all times on the front of each newsrack. (L.L. No. 5-1993, § 1)

## § 19-106. Standards for maintenance and installation.

(a) Any newsrack which in whole or in part rests upon, in or over any sidewalk or parkway shall comply with the following standards:

(1) No newsrack shall exceed five (5) feet in height from the ground of the parkway or sidewalk, as the case may be, thirty (30) inches in width or two (2) feet in depth.

(2) No newsrack shall be used in any manner to advertise or publicize any product, name, entity or idea other than to display, sell or distribute the newspaper or news or informational periodical sold therein.

(3) Each newsrack, if such newspaper, news or informational periodical contained within is for sale to the public at a cost, shall be equipped with a coin-return mechanism to permit a person using the machine to secure an immediate refund in the event that he or she is unable to receive the publication paid for. The coin-return mechanism in every such newsrack and all newsracks shall be maintained in good working order.

(4) Each newsrack shall have affixed to it, in a readily visible place, so as to be seen by anyone using the newsrack, a notice setting forth the name and address of the distributor and the telephone number of an immediately available telephone service or representative to call in order to report a malfunction or to secure a refund in the event of a malfunction of the coin-return mechanism, if the newsrack has one, and setting forth information required by this Article.

(5) Each newsrack shall be maintained in a neat and clean condition and in good repair at all times. Specifically, but without limiting the generality of the foregoing, each newsrack shall be serviced and maintained so that:

　　a. It is reasonably free of dirt and grease.

　　b. It is reasonably free of chipped, faded, peeling and cracked paint in the visible painted areas thereof.

§ 19-106 STREETS AND SIDEWALKS § 19-107

    c.    It is reasonably free of rust and corrosion in the visible unpainted metal areas thereon.

    d.    The clear plastic or glass parts thereof, if any, through which the publications therein are viewed are unbroken and reasonably free of cracks, dents, blemishes and discoloration.

    e.    It is not within three (3) feet ahead or fifteen (15) feet to the rear, with respect to the direction of vehicular traffic, of any sign marking a designated bus stop.

    f.    It is not within three (3) feet of the outer ends of any bus bench.

    g.    It is not at any location whereby the clear space for the passageway of pedestrians is reduced to less than six (6) feet.

    h.    It is not within three (3) feet of or on any public area improved with lawn, flowers, shrubs, trees or other landscaping.

    i.    It is not within one hundred (100) feet of any other newsrack on the same side of the street in the same block containing the same issue or edition of the same publication.

    j.    It is not on or within ten (10) feet of any handicap access ramp.

(b)    The provisions contained in Subsection (a)(5)e of this section shall not apply if compliance with the provisions would prohibit the placement of a newsrack of a distance of one hundred fifty (150) feet on the same side of the roadway in the same block. (L.L. No. 5-1993, § 1)

### § 19-107. Violations; fees.

Upon determination of the Village Clerk that a newsrack has been installed, used or maintained in violation of the provisions of this Article, an order to correct the offending conditions will be issued to the distributor of the newsrack. Such order shall be mailed by certified mail, return receipt requested. The order shall specifically describe the offending condition, suggest actions necessary to correct the condition and shall inform the newsrack distributor of the right to appeal. Failure to properly correct the offending condition within seven (7) days (excluding Saturdays, Sundays and legal holidays) after the date the order has been mailed or to appeal the order within five (5) days after the date of the order shall result in the offending newsrack being summarily removed and processed as unclaimed property. If the offending newsrack is not properly identified as to owner under provisions of § 19-106(a)(4) hereof, it shall be removed immediately and processed as unclaimed property. An impound fee, which shall be measured by the village's cost and expense of impounding, shall be assessed against each newsrack summarily removed. The Village Clerk shall cause inspection to be made of the corrected conditions or of a newsrack reinstalled after removal under this section. The distributor of said newsrack shall be charged an inspection fee of twenty dollars ($20.) for each newsrack so inspected. This charge shall be in addition to all fees and charges required under this Article. (L.L. No. 5-1993, § 1)