UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SELIM ZHERKA and RICHARD
BLASSBERG,

                Plaintiffs,                07 Civ. 11251 (CLB)

     -against-                       **AFFIDAVIT OF RICHARD**
                                                  **BLASSBERG IN SUPPORT**
                                                  **OF MOTION FOR**
                                                  **PARTIAL SUMMARY**
MICHAEL J. MARTINO, individually,       **JUDGMENT**
*et. al,*

                Defendants.
------------------------------------------------------------x

    Plaintiff RICHARD BLASSBERG, being duly sworn, deposes and says::

    1. I am employed by Westchester Guardian News, Inc. and as such I am the editor of <u>The Westchester Guardian</u>, a weekly newspaper that is distributed free of charge primarily by means of newsrack boxes that are placed in the various municipalities situated in the County of Westchester, New York.

    2. On or about November 6, 2006, each of the Defendants advised by e-mail addressed to editor of <u>The Westchester Guardian</u>:

> "It has come to [our] attention that your firm has installed dispensing boxes for your paper in a few locations within the Village of Tuckahoe. Please note that the Tuckahoe Village Ordinance prohibits these type of dispensers.
>
> Kindly have these dispensing machines removed from the

Village on or before this Friday, November 10, 2006"

A copy of that e-mail, as produced by Defendants is annexed hereto as Exhibit 2.

3. As a proximate result of the Defendants' official interpretation of their relevant code provision (Exhibit 2, annexed), as well as the language of that code provision (Exhibit 1, annexed) I was chilled in the exercise of my First Amendment rights and out of fear that Defendants would take code enforcement action, including possible criminal prosecution, I agreed with Selim Zherka that placement of newsracks within the Village had to stop.

WHEREFORE an order should be entered granted, with respect to liability and against the Defendants, summary judgment.

Richard Blassberg

Sworn to before me this
18th day of March, 2008.

Notary Public

JONATHAN LOVETT
Notary Public, State of New York
No. 4666713
Qualified in Westchester County
Commission Expires November 30, 20 OL

**EXHIBIT 1**

Case 7:07-cv-11251-CS   Document 9   Filed 03/31/2008   Page 3 of 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THE GUARDIAN NEWS, INC.,

                     Plaintiff,

-against-

VILLAGE OF TUCKAHOE, New York,

                     Defendant.
-------------------------------------------------------------x

Docket No.
07 Civ. 2862 (CLB)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT PRODUCTION REQUEST**

RECEIVED AUG 1 3 2007 By_____

Defendant, by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, responding to Plaintiff's First Set of Interrogatories and Document Production Request, dated June 5, 2007, sets forth the following:

### INTERROGATORIES

1. Identify all legislation adopted and/or enacted by Defendant pursuant to which newsracks may be placed upon property owned by the Village of Tuckahoe.

**RESPONSE:** Defendant objects to the instant demand on the grounds that it is vague, ambiguous, and to the extent it seeks a legal conclusion.

2. Identify all legislation adopted and/or enacted by Defendant pursuant to which newsracks may not be placed upon property owned by the Village of Tuckahoe.

**RESPONSE:** Defendant objects to the instant demand on the grounds that it is vague, ambiguous, and to the extent it seeks a legal conclusion.

3. Identify each official and/or employee of Defendant who is authorized to issue a, and/or any, permit(s) for the placement of newsracks upon property owned by the Village of Tuckahoe.

1

**RESPONSE:** Defendant objects to the instant demand on the grounds that it is vague and ambiguous.

4. Identify the owner of each newsrack that, within the past twenty-four months, has been placed upon property owned by the Village of Tuckahoe.

**RESPONSE:** Defendant is unaware of anyone other than plaintiff placing such an item on Village property within the applicable period.

5. Identify the owner of each newsrack that, within the past twenty-four months, has been removed by the Defendant Village and/or by any of its officials/employees from property owned by the Village of Tuckahoe.

**RESPONSE:** Plaintiff.

6. Identify each document that, within the past twenty four months, has been sent by the Village and/or any of its officials/employees to a publisher and/or distributor of a newspaper regarding in words or substance the placement of newsracks upon property owned by the Village of Tuckahoe.

**RESPONSE:** *See* Exh. A.

7. Identify each document in the possession, custody and/or control of the Defendant that in words or substance indicates the imposition by the Village upon any publisher or distributor of a newspaper of:

   a. A fine,

   b. A fee.

**RESPONSE:** Defendants object to the instant demand on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible, relevant evidence. Notwithstanding, and subject to said objections, Defendant is

2

unaware of any responsive documents as pertaining to newsracks.

8. Identify each permit issued by the Village and/or any of its officials/employees within the past five years for the placement of a and/or any newsrack upon property owned by the Village of Larchmont.

**RESPONSE**: Defendant is unaware of any applications for the placement of newsracks on Village of Larchmont property within the applicable period.

9. Identify the owner of each newsrack that, within the past two years, has been removed by the Village and/or any official and/or employee of the Village from public property owned by the Village of Tuckahoe.

**RESPONSE**: Plaintiff.

10. Identify each person who, within the past two years, has on behalf of the Village removed any newsrack from property owned by the Defendant.

**RESPONSE**: A member of the Village's Public Works department removed the plaintiff's newsrack in connection with the December 2006 Crestwood Holidayfest.

11. Identify each person who provided information used in responding to the foregoing interrogatories "1" to "10", inclusive.

**RESPONSE**: Steven Ecklond, Village Trustee.

## DOCUMENT DEMANDS

Pursuant to FRCP 34, as modified by the Local Rules of this Court, Defendant is required to produce for inspection and copying at the offices of the undersigned the following documents: Each document identified in response to the foregoing interrogatories "1" through "8," inclusive.

**RESPONSE**: *See* Exhibit A.

3

**PLEASE TAKE NOTICE** that the defendant reserves the right to supplement and/or amend these responses up until time of trial.

Dated: Mineola, New York
       August 9, 2007

                                    MIRANDA SOKOLOFF SAMBURSKY
                                    SLONE VERVENIOTIS LLP
                                    Attorneys for Defendant

                                    By: _____
                                    BRIAN S. SOKOLOFF (BSS-7147)
                                    ADAM I. KLEINBERG (AIK-0468)
                                    240 Mineola Boulevard
                                    The Esposito Building
                                    Mineola, New York 11501
                                    (516) 741-7676
                                    Our File No. 07-344

TO:    Jonathan Lovett, Esq.
        LOVETT & GOULD, LLP
        Attorneys for Plaintiff
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401

**EXHIBIT 2**

## John D. Cavallaro

**From:** Ecklond@aol.com
**Sent:** Monday, November 06, 2006 8:04 AM
**To:** editor@westchesterguardian.com
**Cc:** mayormike@tuckahoe.com; Fitzland@aol.com; tony4ny@yahoo.com; louie2pp1@optonline.net; sciamarra@tuckahoe-ny.com; cavallarolaw@hotmail.com; robert.mascianica@verizon.net
**Subject:** Westchester Guardian Paper Dispensers

Dear Mr. Blassberg,

It has come to my attention that your firm has installed dispensing boxes for your paper in a few locations within the Village of Tuckahoe. Please note that the Tuckahoe Village Ordinance prohibits these type of dispensers.

Kindly have these dispensing machines removed from the Village on or before this Friday, November 10, 2006.

Thank you for your cooperation.

Steven A. Ecklond



Steven A. Ecklond, Trustee
Village of Tuckahoe
65 Main Street
Tuckahoe, NY 10707
(914) 961-3100