UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

SELIM ZHERKA and RICHARD
BLASSBERG,

                       Plaintiffs,                   07 Civ. 11251 (CLB)

    -against-

MICHAEL J. MARTINO, individually, *et.
al*,

                       Defendant.

-----------------------------------------------------------x

## PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 56.1

     Plaintiffs, in accordance with Local Rule 56.1, submit the following statement of material facts to which there is no issue:

     1. By Local Law 5-1993, the Defendant Village enacted a local code provision concerning "newsracks in the public rights-of-way", the issuance of permits for such newsracks, and *inter alia* violations and fees with respect to them. Annexed hereto as Exhibit 3 is a copy of Local Law 5-1993, as provided to Plaintiffs by Susan Ciamarra, Village Clerk of the Village of Tuckahoe, New York (Lovett Affirmation at para. 4).

     3. On or about August 1, 2006, Plaintiffs installed on public property within the Village a number of newsracks containing, for free distribution, multiple copies of the then most recent edition of <u>The Westchester Guardian</u>, a weekly newspaper published by Plaintiffs. Those newsracks, and the newspapers contained within them, were then

1

confiscated by Defendants (Zherka Affidavit at para. 2; Lovett Affirmation at para. 2; Exhibit 1).

4. Shortly thereafter Plaintiff again installed on public property within the Village an additional number of newsracks containing, for free distribution, multiple copies of the then most recent edition of The Westchester Guardian. Those newsracks, and the newspapers contained within them, in turn were also confiscated by Defendants (Zherka Affidavit at para. 3; Exhibit 1).

5. Within a matter of weeks Plaintiff once again installed on public property within the Village more newsracks containing, for free distribution, multiple copies of the then most recent edition of The Westchester Guardian. Those newsracks, and the newspapers contained within them, were then confiscated by the Defendants (Zherka Affidavit at para. 5; Exhibit 1).

6. Following a final installation of newsracks on public property within the Village, and the confiscation of them along with the newspapers contained in them (Zherka Affidavit at para. 6; Exhibit 1), each of the Defendants advised Plaintiff in a jointly agreed upon e-mail addressed to its editor:

> "It has come to [our] attention that your firm has installed dispensing boxes for your paper in a few locations within the Village of Tuckahoe. Please note that the Tuckahoe Village Ordinance prohibits these type of dispensers.
>
> Kindly have these dispensing machines removed from the Village on or before this Friday, November 10, 2006"

(Blassberg Affidavit at para. 2; Zherka Affidavit at para. 6; Lovett Affirmation at para. 3). A copy of that e-mail, as produced to Plaintiffs by Defendants, is annexed hereto as Exhibit 2.

7. As a proximate result of the Defendants' official interpretation of their relevant code provision, as well as the language of that code provision Plaintiff ceased placing newsracks within the Village (Zherka Affidavit at para. 7; Blassberg Affidavit at para. 3).

8. To date the Defendants have not returned to Plaintiffs the newsracks and/or the newspapers that were contained in those boxes as referenced *supra* in paragraphs "3" to "6", inclusive (Zherka Affidavit at para. 8).

WHEREFORE an order should be entered granted, with respect to liability and against the Defendants, summary judgment.

Dated: White Plains, N.Y.
       March 17, 2008

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401